UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-61645-COHN/SELTZER

ALENE R. YARBROUGH,

    Plaintiff,

vs.

FMS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant FMS Inc.'s Motion to Dismiss or for a More Definite Statement [DE 7] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, Plaintiff's response [DE 15], Defendant's reply [DE 17], and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff alleges that she received twenty-nine voicemail messages from Defendant from February 25, 2010, through May 20, 2010, none of which identify the recipient, the caller, or the purpose of the call. See generally DE 1 ("Complaint"). None of the messages name the existence of a debt, any indebtedness, any debtor, any creditor or any other personal, confidential or embarrassing information. Notwithstanding, Plaintiff alleges that Defendant placed the calls, that Defendant is a debt collector, and that Defendant sought to collect from Plaintiff an alleged debt. Complaint ¶¶ 6-10.

Thus, as a result of the voicemail messages, on September 7, 2010, Plaintiff filed her Complaint against Defendant for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").  The Complaint alleges the following five counts: 1) Failure to Disclose Status as Debt Collector ("Count I"); 2) Failure to Make Meaningful Disclosure of Identity ("Count II"); 3) Telephonic Harassment and Abuse by Excessive Calling ("Count III"); 4) Illegal Collection Techniques in Violation of the Florida Consumer Collection Practices Act ("Count IV"); and 5) Harassment in Violation of the Florida Consumer Collection Practices Act ("Count V").

Plaintiff alleges that she received messages that vary slightly, but generally communicate the following: "To speak to a representative regarding this call, please press 1.  If you are not interested in speaking with a representative, we will disconnect at this time."  Complaint at 2-5.  Defendant argues that the messages are not actionable.  Consequently, on September 30, 2010, Defendant filed its Motion to Dismiss.  Defendant takes the position that the messages do not violate any law because they are not communications as defined by 15 U.S.C. § 1692a(2).[1]  Defendant also takes the position that the Complaint is impermissibly vague because it fails to allege the identity of the creditor, the relevant account number, or the telephone number called.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the

---

[1] 15 U.S.C. § 1692a(2) defines "communications" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

2

complaint cannot support the asserted cause of action.  <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  <u>Twombly</u>, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  <u>Id.</u>  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

### B.  The Messages Constitute "Communications"

Defendant cites a case from the Southern District of New York for the proposition that "the term 'communication' . . . is limited to those situations involving the conveying of information regarding a debt directly or indirectly.  A phone call by a debt collector that in no way regards, or relates to an outstanding debt would not violate the Act."  <u>Foti v. Fin. Sys., Inc.</u>, 424 F. Supp. 2d 643, 659 (S.D.N.Y. 2006).  Nonetheless, in <u>Foti</u>, the court held that a debt collector's pre-recorded message, requesting the debtor to make a return call regarding a "business matter," was a "communication" within the meaning of the FDCPA.  <u>See id.</u> at 654-55.  Thus, the dicta cited by Defendant provides little guidance here.  To the contrary, in <u>Foti</u>, the district court noted that "[t]he FDCPA defines 'communication' very broadly as 'the conveying of information regarding a debt

directly or indirectly to any person through any medium.'" Id. at 655 (quoting Romea v. Heiberger & Assocs., 163 F.3d 111, 114 n.2 (2d Cir. 1998).  Here, Plaintiff alleges that Defendant's messages conveyed information regarding a debt, albeit very vague information, to Plaintiff.  Thus, the messages are "communications."  Moreover, Defendant cites no cases wherein a message like the messages left for Plaintiff were not deemed "communications" within the meaning of the FDCPA.

### C. The Identity of the Creditor, the Relevant Account Number, and the Telephone Number Called Are Not Required Elements of the Pleading

Alternatively, Defendant submits that it cannot retrieve the records necessary to investigate this claim and frame its response unless Plaintiff alleges either (1) the identity of the creditor; (2) the relevant account number; or (3) the telephone number called.  Plaintiff responds that "[t]he specific facts of the account number and other such information are not required elements of a pleading.  They are facts to be uncovered in discovery."  DE 15 at 3.  The undersigned agrees.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant FMS Inc.'s Motion to Dismiss or for a More Definite Statement [DE 7] is **DENIED**.  Defendant shall file its answer to the Complaint no later than December 6, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of November, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.